UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRAHAM KLEINMAN,<br><br>                                        Plaintiff,<br><br>          v.<br><br>ROC CAPITAL HOLDINGS LLC,<br>CHAIM PORGES, and HELENA<br>PORGES,<br><br>                                        Defendants. | Case No.  1:22-cv-2566<br><br><br>COMPLAINT |

Plaintiff Abraham Kleinman ("Kleinman" or "Plaintiff"), brings this complaint against defendants Roc Capital Holdings LLC, Chaim Porges, and Helena Porges and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## I.      INTRODUCTION

1.      This is an action to:

   a.      Obtain a money judgment against Defendant Chaim Porges in the amount of $923,760.63 with interest thereon, based on Chaim Porges breach of a promissory note dated March 11, 2021;

   b.      Obtain a declaratory judgment against Defendants Chaim Porges and Helena Porges clarifying, affirming, and declaring that Plaintiff is the lawful owner of a 50% interest in Bleubell Broad, LLC; and

   c.      Vacating the Roc Capital Note and Mortgage, declaring it to be void and unenforceable and striking it from public record.

## II.      PARTIES

2.      Plaintiff Abraham Kleinman is a natural person and resides in the State of Florida.

3.      Defendant Roc Capital Holdings LLC ("Roc Capital) is a Delaware limited liability company headquartered at 645 Madison Avenue, 19th Floor, New York, NY 10022.

4.    Defendant Chaim Porges is a natural person and resides in Brooklyn, New York.

5.    Defendant Helena Porges is a natural person and resides in Brooklyn, New York. Helena Porges is the mother of defendant Chaim Porges.

6.

## III.    JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over Plaintiff's claims in this action under 28 U.S.C. §1331(a)(2) because Plaintiff is a citizen of Florida, Defendants are citizens of New York and Delaware, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.    Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (b)(2) because Defendants reside in this District and the events or omissions that gave rise to this action occurred in this District.

## IV.    STATEMENT OF FACTS

### A.    Defendant Chaim Porges Breached the 923 Note

9.    In March 2021, Plaintiff and Chaim Porges entered into a contract of sale whereby Plaintiff agreed to sell Chaim Porges a portfolio of properties located in Chicago, Illinois.

10.    The transaction was partially financed by a issued brokered by Castling Capital, LLC, funded by A&S Capital, LLC, and secured by a mortgage on Chicago properties.

11.    To finance the remainder of the purchase price, Defendant Chaim Porges executed and delivered to Plaintiff a promissory note dated March 11, 2021 in the original principal amount of $923,760.63 (the "923 Note"), together with interest at a rate of 8% per annum to be paid starting May 11, 2021.  A copy of the 923 Note is attached as **Exhibit 1**.

12. The 923 Note also contained an acceleration clause that was automatically triggered if Defendant failed to make any payment due thereunder within ten days of the payment due date.

13. Finally, the 923 Note included a fee shifting provision that allowed Kleinman to recover attorney's fees and costs in the event of a default, as follows:

> If this Note is given to an attorney for collection or enforcement, or if suit is sought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to other amounts due.

14. Defendant Chaim Porges defaulted on the 923 Note by failing to make payments when due and ignored Plaintiff's demand for payment.

**B.    The 675 Note, the Assignment of Interest, and the Judgment**

15. On October 23, 2020, Plaintiff and Chaim Porges entered into a contract of sale whereby Plaintiff agreed to sell Defendant Chaim Porges a portfolio of New Jersey properties for a purchase price of $2,500,000.[1]

16. Thereafter, Defendant Chaim Porges worked to obtain the funds to close. He was eventually able to secure partial financing through a loan brokered by Eastern Union and issued by Broadview Capital LLC, and secured by a mortgage on the properties in the portfolio.

17. To finance the remainder of the purchase price, Defendant Chaim Porges agreed to execute and deliver to Plaintiff a promissory note for the balance.

18. On January 11, 2021, in anticipation of closing, Defendant Chaim Porges formed a New York limited liability company called Bleubell Broad LLC ("Bleubell Broad") to serve as the purchaser for the transaction.

---

[1] The Properties include: (1) 81 Lanning Avenue, Penns Grove, NJ 08069 [Block 19 Lot 4]; (2) 1000 Cinnaminson Avenue, Palmyra, NJ 08065 [Block 48 Lot 12]; (3) 66 Warren Street, Beverly, NJ 08010 [Block 1483 Lot 6]; (4) 357 South Main Street, Williamstown, NJ 08094 [Block 11702 Lot 3]; and (5) 519 and 521 West Broad Street, Palmyra, NJ 08065 [Block 60 Lots 5.01 and 5.02].

19.     The Bleubell Broad operating agreement dated January 12, 2021 indicates that Chaim Porges was the sole member of Bleubell Broad at the time it was formed. A copy of the January 11, 2021 Bleubell Broad operating agreement is attached as **Exhibit 2**.

20.     The New Jersey transaction closed on January 13, 2021.

21.     That same day, Defendant Chaim Porges executed and delivered to Kleinman a promissory note in the original principal amount of $675,000 (the "675 Note"), together with interest at a rate at 12% per annum to be paid starting August 15, 2021. The 675 Note also contained an acceleration clause that was automatically trigged if Defendant failed to make any payment due under the Note within 10 days. A copy of the 675 Note is attached as **Exhibit 3**.

22.     Together with the 675 Note, Defendant Chaim Porges signed and notarized two documents: (i) an Affirmation of Confession of Judgment authorizing Plaintiff to enter judgment against Defendant in the principal sum of $675,000 (the "Confession"); and (ii) an assignment of interest dated January 13, 2021 making Plaintiff a 50% owner of Bleubell Broad LLC (the "Assignment"). Copies of the Confession and the Assignment are attached as **Exhibit 4** and **Exhibit 5**, respectively.

23.     Defendant Chaim Porges defaulted on the 675 Note by failing to make any payments when due and ignored Plaintiff's demands for payment.

24.     On January 4, 2022, Plaintiff filed the Confession and a supporting affirmation in the Supreme Court of the State of New York, County of Kings, under Index No. 500593/2022 (the "State Action"). On January 10, 2022, judgment was entered in Plaintiff's favor in the amount of $708,750.00.

25.     Collection activities in the State Action are ongoing.

### C. The Porges Defendants Fraudulently Obtain a New Loan From Roc Capital and Record a Mortgage Against the New Jersey Properties

26. In or about October 2021, Defendants Chaim and Helena Porges (together, the "Porges Defendants") acted to obligate Bleubell Broad LLC for a loan from Roc Capital LLC, in the principal sum of $1,802,500, with interest thereon, secured with a mortgage on Bleubell Broad's real estate assets.

27. Specifically, while holding herself out to be the "Managing Member" or "90% Owner" of Bleubell Broad, Defendant Helena Porges executed, among other things, the following: (i) Commercial Mortgage, Security Agreement and Fixture Filing; (ii) Collateral Assignment of Leases and Rents; (iii) Environmental Indemnity Agreement; (iv) Commercial Guaranty; (v) Loan Agreement; (vi) Commercial Promissory Note; (vii) Correction Agreement Limited Power of Attorney; (viii) Borrower Certification and Authorization; (ix) Pledge and Security Agreement; (x) UCC Financing Statement; (xi) Bleubell Broad LLC Membership Interest Certificate; and (xii) Adjustable Rate Rider.

28. Documents produced in the State Action in response to a post-judgment subpoena *duces tecum* show that the Porges Defendants conspired to obtain the loan by executing fraudulent corporate documents that falsely stated that Helena Porges was a 90% member of Bleubell Broad. These documents include, *inter alia*, the following:

      a. Amended Operating Agreement dated February 1, 2021 that falsely indicated that Defendant Chaim Porges was a 10% owner of Bleubell Broad LLC and that Helena Porges was a 90% owner of Bleubell Broad (the "Amended Operating Agreement").[2] A copy of the Amended Operating Agreement is attached as **Exhibit 6**.

---

[2] The Amended Operating Agreement purported to amend a November 15, 2020 operating agreement to correct "typographical errors" and a failure to "sufficiently memorialize[] the Members' interest in Bleubell Broad." Insofar

b.     A Unanimous Written Consent of the Members of Bleubell Broad LLC dated October 18, 2021, executed by Helena Porges, which falsely identified Helena Porges as a 90% member of Bleubell Broad.  *See* **Exhibit 7.**

29.     Other documents produced in the State Action indicate that the Porges Defendants' legal counsel participated in this fraud.  Specifically, an Opinion Letter and First Lien Certification dated October 18, 2021 indicated that "[Bleubell Broad] is owned 90% by HELENA PORGES and 10% by CHAIM PORGES."  A copy of the October 18 opinion letter is attached as **Exhibit 8**.

30.     The same attorney, however, also issued an opinion letter in connection with the January 13, 2021 transaction indicating that "Chaim Porges, as Sole Member [of Bleubell Broad LLC] is authorized to execute the documents and bind [Bleubell Broad] to same."  A copy of the January 13, 2021 opinion letter is attached as **Exhibit 9**.[3]

31.     A portion of the proceeds from the Roc Capital loan was used to repay Broadview Capital LLC.  The Porges Defendants then absconded with the rest of the money.

32.     At no time were the Porges Defendants authorized to enter into any transaction with Roc Capital or otherwise bind Bleubell Broad LLC to the transaction.

33.     The Porges Defendants fraudulently and wrongfully held themselves out to be the owners, shareholders, and/or authorized agents of Bleubell Broad LLC.

34.     The Porges Defendants knew or should have known that they had no authority to enter into the aforementioned transactions on behalf of Bleubell Broad LLC.

---

as Bleubell Broad LLC was not even formed until January 11, 2020, the reference to a November 15, 2020 operating agreement is a glaring indication that the Amended Operating Agreement is fraudulent.

[3] Plaintiff intends to take discovery regarding the extent of the attorney's involvement in the fraud and will assert claims against the attorney in an amended pleading if appropriate.

35. The Porges Defendants knew or should have known that they had no authority to enter into any transaction with Roc Capital.

**D.  Defendant Chaim Porges Disputes the Validity of the 675 Note and the Assignment**

36. As part of his collection efforts, Plaintiff has issued numerous subpoenas to Defendant Chaim Porges, all of which have been ignored, thus prompting Plaintiff to move for an order compelling Mr. Porges to comply with the subpoenas and for sanction.

37. Although Chaim Porges has not yet formally responded to the sanctions motion, he has signaled that he intends to challenge the validity of the Assignment.

38. Specifically, in a March 16, 2022 letter requesting an adjournment of the return date of the sanctions motion, Chaim Porges' counsel wrote:

> …according to information furnished to me by Mr. Porges, there was no indebtedness advanced by Plaintiff to Mr. Porges . . . Mr. Porges is expected to submit that he did not intend to transfer, and did not believe he had transferred, any interest in the real estate holding company Bleubell Broad LLC, and that documents reflecting any such transfer and indebtedness were done "outside of the closing" surrounding this real estate deal and never furnished to Mr. Porges or his counsel to review.

A copy of the March 16, 2022 letter is attached as **Exhibit 10**.

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT CHAIM PORGES**
**(Breach of Contract – 923 Note)**

39. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

40. Defendant Chaim Porges defaulted on the 923 Note by failing to make payments when due and ignored Plaintiff's demands for repayment. As a result of Defendant Chaim Porges' breach, the principal sum of 923,760.63, plus interest at a rate of 8% per annum and attorney's fees and costs, is due and owing under the 923 Note. Interest continues to accrue under the

923 Note and Plaintiff will continue to incur legal fees and expenses in connection with this action. Pursuant to the terms of the 923 Note, the foregoing sums are due and owing to Plaintiff.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (Declaratory Judgment)

41.    Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

42.    There exists an actual case or controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*, by virtue of Defendant Chaim Porges' assertions regarding the validity of the Assignment.

43.    Plaintiff therefore seeks a declaratory judgment declaring that the Assignment is valid and that he is a 50% owner of Bleubell Broad LLC.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (Action to Set Aside Roc Capital Mortgage)

44.    Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

45.    The mortgages and documents set forth above are fraudulent in that they were signed by parties not authorized to bind Bleubell Broad, LLC.

46.    Bleubell Broad was represented by parties who knowingly and with intent obtained an approximately $1,800,000 mortgage against the Property without the knowledge or consent of Bleubell Broad.

47.    Because the mortgage documents were executed by a party not authorized to bind Bleubell Broad, the documents have no legal force and effect and cannot be properly secured against the Property in question.

48.    Accordingly, the Roc Capital Mortgage must be set aside and held to be of no force and effect against the Property.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a)      On the First Cause of Action, awarding Plaintiff judgment in the amount of $923,730.63 together with pre-judgment and post-judgment interest;

b)      On the Second Cause of Action, declaring that the Assignment is valid and enforceable and that Plaintiff Abraham Kleinman is the 50% owner of Bleubell Broad LLC;

c)      On the Third Cause of Action, declaring that the Roc Capital Note and Mortgage are void and unenforceable and striking same from public record;

d)      awarding Plaintiff its reasonable attorney's fees, costs, and disbursements; and

e)      awarding Plaintiff such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Brooklyn, New York
March 29, 2022

**LAW OFFICES OF MOSHE BOROOSAN, P.C.**

*/s/ Moshe O. Boroosan*

MOSHE O. BOROOSAN
1318 Avenue J, 2nd Floor
Brooklyn, NY 11230
(404) 857-6229
moshe@boroosanlaw.com

*Attorneys for Plaintiff Abraham Kleinman*