# EXHIBIT 10



# MARC WOHLGEMUTH & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

MARC WOHLGEMUTH*

*Associates*
SUSAN SYTNER*‡
JEREMY DOBERMAN*
ILANA BLASS
ISAAC DISKIND
ROBERT MENCHE*

*\*Also admitted in New Jersey*
*‡Also admitted in S. Carolina*

March 16, 2022

***Via NYSCEF and email***
Hon. Carolyn E. Wade, J.S.C.
Kings County Courthouse
360 Adams Street
Brooklyn, NY 11211
thaskin@nycourts.gov
mhassan@nycourts.gov

      Re:    *Kleinman v. Porges*
                  Index No.: 500593/2022

Dear Justice Wade:

      This firm has just been retained to represent Chaim Porges (hereinafter "Mr. Porges"), the alleged confessor of judgment in the above-referenced action that arises out of a real estate deal. The undersigned is in receipt of the Order to Show Cause filed by Plaintiff Abraham Porges (hereinafter "Plaintiff"), which seeks to hold Mr. Porges in contempt, and for various items of related relief, for his failure to comply with an information subpoena issued to enforce the Judgment Plaintiff recently obtained by confession. I write to request an adjournment of the Order to Show Cause, the first time on return date of which is today.

      By way of background, on January 4, 2022 and without any notice to Mr. Porges, Judgment was issued by the Kings County Clerk in favor of Plaintiff and against Mr. Porges in the sum of $708,750.00. Plaintiff's submission to the Clerk includes an Affirmation for the Confession of Judgment and a Note allegedly acknowledging a debt to Plaintiff. However, based upon the information of which I am in the process of gathering, it appears that those documents are both false in their content and improperly obtained in violation of the attorney ethics rules.

      Specifically, in actuality, according to the information furnished to me by Mr. Porges, there was no indebtedness advanced by Plaintiff to Mr. Porges. Instead, Mr. Porges has explained that he was defrauded by Plaintiff, who took advantage of him and sold him real property in substantially different condition from what Plaintiff represented without permitting him an opportunity to inspect the real property and while claiming that there was significant time pressure to close. Mr. Porges is expected to submit that he did not intend to transfer, and did not believe he had transferred, any interest in the real estate

holding company Bleubell Broad LLC, and that documents reflecting any such transfer and indebtedness were done "outside" of the closing surrounding this real estate deal and never furnished to Mr. Porges or his counsel for review..

More egregiously though, according to the information furnished to me, despite the fact that Mr. Porges was represented by counsel continuously with regard to the real estate deal, the Note, the Assignment of Membership Interest in Bleubell Broad LLC, and likely other documents were drafted by Plaintiff's attorney and procured unethically by Plaintiff and his attorney, in violation of the ethical rules governing law practice in the State of New York. For that reason, the Judgment taken by confession was illegally obtained and is void.

Pursuant to Rule 4.2(a) of the Rules of Professional Conduct, "a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer…, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law." Moreover, pursuant to Rule 4.2(b) of the Rules of Professional Conduct, in order to cause a client to communicate with a party who is represented by another attorney and to counsel a client regarding such communications, the lawyer must "give reasonable advance notice to the represented person's counsel that such communications will be taking place." Here, according to the information submitted to me, Plaintiff has a pattern or practice, which he has employed no fewer than three times of which I am aware, of requiring parties to sign documents "outside of closing" regarding which they did not have the opportunity to consult with their counsel and which on their face would establish some form of unwanted indebtedness or partnership.

Mr. Porges is currently gathering the documents and information necessary to combat the fraudulent obtainment of the Judgment by Plaintiff, and it is anticipated that such documents will be available in the coming weeks. Accordingly, and in light of the undersigned's heavy litigation caseload, Mr. Porges respectfully requests a three-week adjournment of the Order to Show Cause, to April 6, 2022, in order to permit Mr. Porges the opportunity to respond in a complete way to the actions of Plaintiff. The undersigned attempted to reach Plaintiff's counsel but was unable to connect, and Plaintiff's counsel's voicemail box was full.

I thank the Court for its understanding and consideration. Please do not hesitate to contact me should Your Honor have any questions or concerns.

Respectfully submitted,

_/s/Jeremy M. Doberman___
Jeremy M. Doberman

cc:     Plaintiff's counsel (via NYSCEF)