

# MARC WOHLGEMUTH & ASSOCIATES, P.C.

### ATTORNEYS AT LAW

Marc Wohlgemuth*

*Associates*

Susan Sytner*‡
Jeremy Doberman*
Ilana Blass
Isaac Diskind
Robert Menche*

*Also admitted in New Jersey*
‡Also admitted in S. Carolina

April 25, 2022

**_Via ECF_**
Hon. Andrew L. Carter Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:   *Kleinman v. Roc Capital Holdings LLC, et al.*
>        Case No.: 1:22-cv-02566-ALC

Dear Judge Carter:

This firm represents Chaim Porges (hereinafter "Mr. Porges") and Helena Porges (hereinafter "Ms. Porges"; collectively, the "Porges Defendants") in the above-referenced case, which seeks a money judgment against Mr. Porges, a declaratory judgment that Plaintiff Abraham Kleinman (hereinafter "Mr. Kleinman") is a 50% owner of Bleubell Broad LLC (hereinafter "Bleubell") to the exclusion of Ms. Porges, who executed loan documents as 90% owner of Bleubell, and a declaratory judgment declaring that the note and mortgage entered into by Ms. Porges in favor of Defendant Roc Capital Holdings LLC are void and unenforceable. I write to the Court seeking vacatur of the Porges Defendants' default, entered today, April 25, 2022, by the Clerk of the Court, and to request a 30-day extension of the Porges Defendants' time to respond to the Complaint in the instant case.

## Heavily Disputed Substantive Allegations

By way of background, the instant case is one of three pending actions between Mr. Porges and Mr. Kleinman which revolve around two real estate transactions. According to the Complaint, the first such transaction (hereinafter the "New Jersey Transaction"), closed on January 13, 2021. See Compl., ¶ 20. Bleubell was the purchaser in the New Jersey Transaction, and Mr. Kleinman's LLC was the seller. As is relevant here, in the context of the New Jersey Transaction — at least, according to Mr. Kleinman — three documents were executed: a $675,000 Note (hereinafter the "$675K Note") and confession of judgment in said amount supposedly representing a previously unpaid portion of the purchase price (both of which were executed on January 15, 2021 and were from Mr. Porges personally to Mr. Kleinman personally, not involving their companies), and an assignment to Mr. Kleinman of one-half of Mr. Porges' interest in Bleubell, executed on January 14, 2021. The second transaction (hereinafter the "Illinois Transaction") closed on or about March 11, 2021. In connection therewith, a Note for approximately $923,000 (hereinafter the "$923K Note") was executed by Mr. Porges personally to Mr. Kleinman personally, purportedly for an unpaid portion of the purchase

price of the Illinois Transaction. But these debts are fictional, and worse yet, Mr. Kleinman has repeatedly broken the law in order to attempt to recover on these fictional debts.

On January 4, 2022, Mr. Kleinman attempted to file the confession of judgment in the New York State Supreme Court, County of Kings, under Index Number 500593/2022 (hereinafter the "CoJ Action"). However, it was rejected for filing by the clerk. As fleshed out in subsequent filings and court conferences, the confession of judgment was only accepted for filing on January 6, 2022, after it was **materially altered**. Consequently, on January 10, 2022, a judgment was entered without notice to Mr. Porges (hereinafter the "Judgment") upon his supposed confession. Thereafter, Mr. Kleinman sent out numerous subpoenas in connection with the Judgment and moved the State Court by order to show cause to compel compliance by all of the recipients of subpoenas and to hold Mr. Porges in contempt for his alleged noncompliance therewith.

Mr. Porges opposed Mr. Kleinman's order to show cause, showing that the confession of judgment (1) had been materially altered (rendering its filing, likely, the crime of forgery); (2) was invalid on its face for failure to comply in two different respects with the statutory requirements for a confession of judgment; and (3) was obtained through fraudulent inducement, after the New Jersey Transaction had already occurred, without the knowledge of Mr. Porges's counsel. Mr. Porges then commenced a plenary action in the Kings County Supreme Court, Commercial Division, under Index Number 510385/2022 (hereinafter the "Vacatur Action"), to vacate the Judgment and for associated relief.[1] In the Vacatur Action, Mr. Porges relied on the same bases asserted in the CoJ Action, as well as showing by documentary evidence that the $675K Note could not be enforced because there was no underlying debt; although Mr. Kleinman claimed that there remained an outstanding $675,000 of the purchase price of the New Jersey Transaction, the closing documents conclusively showed that the entire purchase price had been paid.[2]

Further troubling is the fact that on the night before the closing of the Illinois Transaction, Mr. Kleinman duped Mr. Porges into signing a confession of judgment with respect to the $923K Note at issue in the instant action, outside the presence of Mr. Porges's counsel and, distressingly, in the offices of Mr. Kleinman's transactional counsel.[3] Only because Mr. Porges's counsel later discovered this underhanded tactic prior to closing was he able to force Mr. Kleinman's counsel to repudiate the confession of judgment as void. The undersigned is seeking further information to determine if the $923K Note, like the $675K Note, relates to a fake debt.

Mr. Porges's counsel was not, however, made aware of the assignment of interest in Bleubell regarding which Mr. Kleinman is seeking a declaration of validity in the instant case. Again, it is clear why Mr. Kleinman went around Mr. Porges's counsel, as that

---

[1] Most recently, Mr. Kleinman filed a Notice of Removal in the Vacatur Action, and that case is currently pending under case number 22-2238.

[2] This explained why Mr. Kleinman forced the execution of the $675K Note and confession of judgment outside of the presence and without the knowledge of Mr. Porges's counsel.

[3] As a result, there are significant questions regarding a possible breach of the ethics rules regarding an attorney having and procuring communications with a represented party.

assignment, on its face, is illogical. The alleged agreement does not appear to have been a pledge of the membership interest, but an unqualified assignment of half of Mr. Porges's interest in Bleubell. Bleubell was the purchaser in the New Jersey Transaction, which would lead to the bizarre result of Mr. Kleinman selling the subject properties to himself, while purporting to impose a $675,000 debt on Mr. Porges personally (even though he was not a party to the transaction) in connection therewith. Mr. Kleinman's position in the instant litigation, coupled with the aforementioned history, does not remotely pass the "smell test." Mr. Kleinman has showed his colors as a con man in the CoJ Action and the Vacatur Action. Upon information and belief, all of the documents Mr. Kleinman seeks to enforce in the instant case were procured by fraud and/or are otherwise unenforceable.

### Request to Vacate Default and Extend Time to Respond to Complaint

The undersigned was in the process of collecting information and documents so that the Porges Defendants could respond to the Complaint, which was filed and apparently served while the parties were hotly disputing the other two actions. However, last week was the Jewish holiday of Passover, when the undersigned implemented longstanding plans to travel abroad for ten days. As such, on April 20, 2022 and prior to the expiration of the Porges Defendants' time to answer, the undersigned contacted Plaintiff's counsel seeking consent to a 30-day extension of the Porges Defendants' time to respond to the Complaint. Opposing counsel responded that day stating he would only consent to an extension until April 27, 2022. The undersigned, with greatly reduced internet access and access to his firm's files, mistakenly calculated the Porges Defendants' time to answer as expiring today, April 25, 2022, based on the affidavit of service filed regarding co-Defendant Roc Capital Holdings LLC, and intended to file a letter with the Court today seeking the 30-day extension to which opposing counsel mystifyingly and discourteously would not consent.

The undersigned returned from travel abroad last night and was surprised to discover this morning that notwithstanding his grant of consent to an extension (albeit an insufficient one) of the Porges Defendants' time to answer, Plaintiff's counsel had already requested and obtained today the Clerk's entry of default against the Porges Defendants. Notwithstanding the undersigned's mistaken calculation, Plaintiff's counsel's actions have been frivolous and resulted in needless work by the undersigned and the Court. To be sure, Plaintiff's counsel was made aware that the Porges Defendants intended not to default in this case, has already consented to an extension past today, and appears simply to be seeking to unreasonably multiply fees and drain the Porges Defendants' resources.

Pursuant to Federal Rule of Civil Procedure 55(c), "[f]or good cause shown the court may set aside an entry of default." The Second Circuit has established the following factors for a motion to vacate default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2nd Cir. 1993). Here, the default was not willful, setting it aside will not prejudice any party (delay less than one week; co-Defendant's time to answer has not yet even expired), and the Porges Defendants' meritorious defenses are several. Moreover, undersigned counsel is currently investigating the matter and expects further defenses and potential counterclaims to present themselves.

In light of the foregoing, the undersigned respectfully requests that this Court vacate the default entered by the Clerk against the Porges Defendants and grant them an extension of time of thirty days to respond to the Complaint in the instant case. I thank the Court for its understanding and consideration. Please do not hesitate to contact me should Your Honor have any questions or concerns.

Respectfully submitted,

_/s/ Jeremy M. Doberman_
Jeremy M. Doberman

cc:     All counsel of record (via ECF and email)