

THE LAW OFFICES OF MOSHE O. BOROOSAN, P.C.

1318 Avenue J, Brooklyn, NY 11210

(404) 857-6229 │ moshe@boroosanlaw.com

April 26, 2022

Via ECF and Email
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

>       Re:    *Kleinman v. Roc Capital Holdings LLC, et al.*
>              Case No. 1:22-cv-02566-ALC

Dear Judge Carter:

     We represent plaintiff Abraham Kleinman in the above-referenced action and write in response to the April 25, 2022 letter motion filed by defendants Chaim Porges and Helena Porges (the "Porges Defendants") to vacate the default and for an extension of time to respond to the complaint. ECF No. 16 ("Letter").

    A. <u>The Porges Defendants' Request for an Extension is Untimely and Should Be Denied</u>

     This action was commenced on March 21, 2022. ECF No. 1. The Porges Defendants were each served on April 1, 2022. ECF No. 11, 12. Their time to answer or otherwise respond to the complaint expired on April 22, 2022. Under Rule 1.D of this Court's Individual Practices, the Porges Defendants were required to seek an extension at least two business days prior to that deadline, or by April 20, 2022. The Porges Defendants' extension request – filed on April 25, 2022 – is therefore untimely and should be denied.

    B. <u>The Porges Defendants Have Not Shown Good Cause for Their Untimely Request</u>

     Rule 1.D states in bold letters that a party's failure to comply with these provisions will result in a denial of the request, absent good cause shown. No good cause exists here.

     Counsel for the Porges Defendants has been aware of this case since at least April 11, 2022. Indeed, during an April 11 hearing in a related case in New York State Supreme Court, Mr. Doberman represented to the court that he knew about the case and was familiar with its allegations. Counsel nevertheless waited an additional ***nine*** days before emailing Plaintiff's counsel to request an extension, claiming that this case had just come to his attention and that he was traveling abroad without access to his files. In response, the undersigned expressed concern

with the apparent gamesmanship by opposing counsel, but indicated that he was authorized to consent to a one-week extension.  The April 20 email exchange is attached as **Exhibit A**.[1]

Mr. Doberman did not respond to the email and did not request an extension in accordance with the Court's Individual Practices.  This was an oversight, nor was it a simple "mistaken calculation" caused by Mr. Doberman's "reduced internet access and access to his Firm's files." *Cf.* Letter at 3.  In fact, Plaintiff's counsel specifically noted in his April 20 email that Mr. Porges' response was due the next day.  *See* Ex. A.  What's more, Mr. Doberman readily acknowledges that he had no intention to complying with this Court's Individual Practices and intended to write a letter to the Court the same day it was due.   *Cf.* Letter at 3.

    C.  Plaintiff Did Not Consent to Extend Helena Porges' Time to Respond to the Complaint

Plaintiff did not consent to extend Helena Porges' time to respond to the complaint. Mr. Doberman never communicated that he had been retained to represent Helena Porges in this case. *See* Ex. A.  Nor did he communicate that he was seeking an extension on behalf of Helena Porges. *Id.*  The notion that "Plaintiff's counsel was made aware that the Porges Defendants intended not to default" is false.  *Cf.* Letter at 3.

    D.  The Letter Motion to Vacate is Procedurally Improper and Should be Denied

Under this Court's Individual Practices, a pre-motion conference is required before making a motion to vacate a default judgment.  The Porges Defendants' letter motion to vacate the entry of default is thus procedurally improper and should be denied.[2]

    E.  The Court Should Not Permit The Porges Defendants to File a Motion to Vacate

The Porges Defendants cannot demonstrate that good cause exists to vacate the entry to default under Fed. R. Civ. P. 55.  Mr. Porges does not dispute that he signed the 923 Note or the assignment of interest.  There is no valid defense.  Nevertheless, if the Court is inclined to consider the motion to vacate, Plaintiff respectfully requests a pre-motion conference to discuss these issues in greater detail before setting a briefing schedule.

                               Respectfully submitted,

                               */s/ Moshe O. Boroosan*
                               Moshe O. Boroosan

cc:    All Counsel of Record via ECF

---

[1] The request for an extension also violates Rule 1.D because it fails to state "the reasons given by the adversary for refusing to consent."  Plaintiff clearly articulated why he would not consent to a 30-day adjournment.  *See* Ex. A.  Not only were those reasons omitted from the Letter, but Mr. Doberman pretends to be "mystif[ied]" by Plaintiff's response to the belated adjournment request. *Cf.* Letter at 3.  This violation, too, should result in a denial of the request.

[2] The Letter also exceeds the three-page limit for pre-motion letters.