# EXHIBIT 16

LAW OFFICES OF JASON J. REBHUN, P.C.



Attorneys-At-Law
225 Broadway, 38th Floor
New York, NY 10007
(646) 201-9392
Fax (646) 871-0035
Jason@jasonrebhun.com

Jason J. Rebhun, Esq.*
John A. Borelli, Esq.
Zachary A. Victor, Esq.*
*Admitted in NY & NJ

# OPINION LETTER AND FIRST LIEN CERTIFICATION

**October 18, 2021**

**LOAN FUNDER LLC, SERIES 20733**
**645 Madison Avenue, 19th FL**
**New York, NY 10022**

Dear Lender:

We have acted as counsel for **BLEUBELL BROAD LLC,** with a principal place of business at 223 Spencer Street, #308, Brooklyn, NY 11205 ("Borrower), and **HELENA PORGES** ("Guarantor") in connection with a mortgage loan from **LOAN FUNDER LLC, SERIES 20733** ("Lender") to Borrower in the principal amount of **$1,802,500** ("Loan") secured by the property known as **On the Tax Map of the City of Beverly, County of Burlington, State of New Jersey, Tract 1: Lot 6, Block 1483, commonly known as 66 Warren Street, Beverly, NJ 08010_;On the Tax Map of the City of Monroe, County of Gloucester, State of New Jersey, Tract 2: Lot 3, Block 11702, commonly known as 357 South Main Street aka 320 Blue Bell Road, Williamstown, NJ 08094 ; On the Tax Map of the City of Palmyra, County of Burlington, State of New Jersey, Tract 3: Lots 5.01, 5.02, Block 60, commonly known as 519-521 West Broad Street, Palmyra, NJ 08065** (the "Property"). In connection therewith, we hereby represent to the Lender the following based on our knowledge and after a thorough review of the facts related to this transaction:

1. Borrower is a duly organized limited liability company validly existing and in good standing under the laws of the **New York** and is duly registered and in good standing as a foreign limited liability company in the **State of New Jersey.** Borrower is owned 90% by **HELENA PORGES** and 10% by CHAIM PORGES.

2. The execution, delivery and performance by Borrower of the Note, Mortgage, Loan Agreement and Pledge Agreement (together with all other agreements and documents executed by Borrower and/or Guarantor in connection with the Loan, the "Loan Documents") and the borrowing evidenced by the Mortgage and Note have been duly authorized and will not violate, be in conflict with, result in the breach of, or constitute (with due notice or lapse of time or both) a default under the organizational documents of Borrower or any statute, regulation, rule, order or other legal requirements applicable to Borrower, or, to our knowledge, any agreement to which Borrower is bound.

documents executed by Borrower and/or Guarantor in connection with the Loan, the "Loan Documents") and the borrowing evidenced by the Mortgage and Note have been duly authorized and will not violate, be in conflict with, result in the breach of, or constitute (with due notice or lapse of time or both) a default under the organizational documents of Borrower or any statute, regulation, rule, order or other legal requirements applicable to Borrower, or, to our knowledge, any agreement to which Borrower is bound.

3. The Loan Documents have each been duly executed and delivered by Borrower, and all of the same constitute legal and binding obligations of, and are valid and enforceable against Borrower in accordance with the terms thereof, subject to the bankruptcy and insolvency laws, or any laws imposing a moratorium upon or relief from payment from indebtedness or carrying out of obligations.

4. There are no legal proceedings pending or threatened against or with reference to Borrower or Guarantor and no event has occurred which, with due notice or lapse of time or both, could materially and adversely affect the ability of Borrower to meet and carry out its obligations under the Note, Mortgage and any other instrument executed by Borrower or Guarantor in connection with or as security for the Note.

5. The execution, delivery and performance by Guarantor of the Guaranty and the Pledge Agreement and all other Loan Documents executed by Guarantor individually or as Guarantor (collectively, the "Guarantor and/or Member Documents") have been duly authorized and will not violate, be in conflict with, result in the breach of, or constitute (with due notice or lapse of time or both) a default under any documents or agreements by which any Guarantor is bound, or any statute, regulation, order or other requirements applicable to Guarantor or the Member.

6. The Guarantor and/or Member Documents have each been duly executed and delivered by Guarantor, and all of the terms thereof constitute legal and binding obligations of, and are valid and enforceable against the Guarantor in accordance with the terms thereof, subject to the bankruptcy and insolvency laws, or any loss imposing a moratorium upon or relief from the payment of indebtedness or carrying out of obligations.

7. The Commercial Mortgage dated as of **October 18, 2021** by Borrower in favor of Lender is a valid first mortgage on the subject property. All other liens shown in the title commitment have been cleared or otherwise resolved such that an owners and lenders title policy will be issued without exception.

8. All past due taxes and all taxes due within 60 days of closing shall be paid or escrowed at closing.

9. All of the requirements of the Title Commitment have been met or satisfied. Borrower's counsel or title agent will provide a marked up copy of title commitment at time of closing to lender and lender's counsel.

10. The Note and Mortgage do not violate any usury, consumer protection or truth in lending laws, rules or regulations of any governmental or quasi-governmental agencies thereof, so as to (a) subject the Lender to any civil or criminal liability or penalty, (b) prohibit, limit or impede the Lender's right to collect any interest, principal or other sums payable under the Note and Mortgage or to exercise of any of its rights or remedies under the Note and Mortgage or (c) subject the Lender to any other claim, loss or damage.

Very truly yours,

Jason J. Rebhun
Attorney for Borrower