# EXHIBIT 20

Page 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------X
ABRAHAM KLEINMAN,

                              PLAINTIFF,

      -against-        Index No.:
                          500593/2022

CHAIM PORGES,

                              DEFENDANT.
-------------------------------------------X

               DATE:  February 16, 2022
               TIME:  10:04 A.M.

    STATEMENT in the above-entitled matter, taken via videoconference, before Jennifer Schwartz, a Notary Public of the State of New York.

```
 1
 2   A P P E A R A N C E S:
 3
 4   LAW OFFICES OF MOSHE BOROOSAN, P.C.
        Attorneys for the Plaintiff
 5      ABRAHAM KLEINMAN
        1318 Avenue J
 6      Brooklyn, New York 11230
        BY:  MOSHE BOROOSAN, ESQ.
 7
 8
     ALSO PRESENT:
 9      Moshe O. Weiss
10
11
12                  *         *         *
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

STATEMENT

MR. BOROOSAN: Good morning, my name is Moshe Boroosan. I'm from The Law Offices of Moshe Boroosan, P.C., 1318 Avenue J, Brooklyn, New York 11230.

We're here on behalf of plaintiff, Abraham Kleinman. At present, I'm the only counsel present for either party. We are here on a duly served subpoena, a post judgement subpoena for Helena Porges that was served on February 1, 2022. We have not heard from Helena Porges or her counsel.

I request that we go off the record for about 20 minutes to give Ms. Porges a chance to arrive. If she doesn't show up, then we will take default on the record at that time.

(Whereupon, an off-the-record discussion was held.)

(Whereupon, Deposition Subpoena was marked as Plaintiff's Exhibit 1

                                                          Page 4

 1                    STATEMENT
 2        for identification as of this date by
 3        the Reporter.)
 4             (Whereupon, Restraining Notice
 5        was marked as Plaintiff's Exhibit 2
 6        for identification as of this date by
 7        the Reporter.)
 8             (Whereupon, Affidavit of
 9        Service was marked as Plaintiff's
10        Exhibit 3 for identification as of
11        this date by the Reporter.)
12             (Whereupon, a short recess was
13        taken.)
14             MR. BOROOSAN:  We're back on
15        the record at 10:30, as previously
16        noted.  This deposition was scheduled
17        to start at 10:00 a.m. pursuant to
18        the duly served subpoena on Ms.
19        Porges.  Ms. Porges has still yet to
20        appear.  As such, Ms. Porges is in
21        default of this subpoena and is in
22        default of the deposition.
23        Accordingly we are going to suspend
24        this deposition, and we can go off
25        the record.

Page 5

1  **STATEMENT**
2      (Whereupon, at 10:30 A.M., the above
3   matter concluded.)
4
5              º           º           º           º
6
7
8
...
25

1                    STATEMENT
2                 E X H I B I T S
3
4   PLAINTIFF'S EXHIBITS
5   EXHIBIT     EXHIBIT                        PAGE
6   NUMBER      DESCRIPTION
7   Exhibit 1   Deposition Subpoena             3
8   Exhibit 2   Restraining Notice              4
9   Exhibit 3   Affidavit of Service            4
10
11
12     (Exhibits retained by Court Reporter.)
13
14
15
16
17
18
19
20
21
22
23
24
25

```
                    STATEMENT
                 C E R T I F I C A T E


STATE OF NEW YORK        )
                         :  SS.:
COUNTY OF KINGS          )


        I, JENNIFER SCHWARTZ, a Notary Public
for and within the State of New York, do
hereby certify:
        That the above is a correct
transcription of my stenographic notes.
        I further certify that I am not
related to any of the parties to this
action by blood or by marriage and that I
am in no way interested in the outcome of
this matter.
        IN WITNESS WHEREOF, I have hereunto
set my hand this 16th day of February 2022.



                        [signature]


                        JENNIFER SCHWARTZ
```

**1**

**1**  3:13,25 6:7
**10:00**  4:17
**10:04**  1:10
**10:30**  4:15 5:2
**11230**  2:6 3:6
**1318**  2:5 3:5
**16**  1:9
**16th**  7:18
**17600**  7:20

**2**

**2**  4:5 6:8
**20**  3:17
**2022**  1:9 3:13 7:18

**3**

**3**  4:10 6:7,9

**4**

**4**  6:8,9

**5**

**500593/2022**  1:6

**a**

**a.m.**  1:10 4:17 5:2
**abraham**  1:3 2:5 3:8
**action**  7:14
**affidavit**  4:8 6:9
**appear**  4:20
**arrive**  3:18
**attorneys**  2:4
**avenue**  2:5 3:5

**b**

**b**  6:2
**back**  4:14
**behalf**  3:7
**blood**  7:14
**boroosan**  2:4,6 3:2 3:3,4 4:14

**brooklyn**  2:6 3:5

**c**

**c**  2:2 7:2,2
**certify**  7:9,12
**chaim**  1:7
**chance**  3:18
**concluded**  5:3
**correct**  7:10
**counsel**  3:9,15
**county**  1:2 7:5
**court**  1:2 6:12

**d**

**date**  1:9 4:2,6,11
**day**  7:18
**default**  3:20 4:21 4:22
**defendant**  1:7
**deposition**  3:24 4:16,22,24 6:7
**description**  6:6
**discussion**  3:23
**duly**  3:11 4:18

**e**

**e**  2:2,2 6:2 7:2,2
**either**  3:10
**entitled**  1:13
**esq**  2:6
**exhibit**  3:25 4:5,10 6:5,5,7,8,9
**exhibits**  6:4,12

**f**

**f**  7:2
**february**  1:9 3:13 7:18
**further**  7:12

**g**

**give**  3:17
**go**  3:16 4:24

**going**  4:23
**good**  3:2

**h**

**h**  6:2
**hand**  7:18
**heard**  3:14
**held**  3:23
**helena**  3:12,14
**hereunto**  7:17

**i**

**identification**  4:2 4:6,10
**index**  1:5
**interested**  7:15

**j**

**j**  2:5 3:5
**jennifer**  1:15 7:7 7:21
**judgement**  3:12

**k**

**kings**  1:2 7:5
**kleinman**  1:3 2:5 3:8

**l**

**law**  2:4 3:4

**m**

**marked**  3:25 4:5,9
**marriage**  7:14
**matter**  1:14 5:3 7:16
**minutes**  3:17
**morning**  3:2
**moshe**  2:4,6,9 3:3 3:4

**n**

**n**  2:2
**name**  3:3

**new**  1:2,16 2:6 3:5 7:4,8
**notary**  1:15 7:7
**noted**  4:16
**notes**  7:11
**notice**  4:4 6:8
**number**  6:6

**o**

**o**  2:9
**offices**  2:4 3:4
**outcome**  7:15

**p**

**p**  2:2,2
**p.c.**  2:4 3:4
**page**  6:5
**parties**  7:13
**party**  3:10
**plaintiff**  1:4 2:4 3:8
**plaintiff's**  3:25 4:5 4:9 6:4
**porges**  1:7 3:12,14 3:18 4:19,19,20
**post**  3:11
**present**  2:8 3:9,9
**previously**  4:15
**public**  1:15 7:7
**pursuant**  4:17

**r**

**r**  2:2 7:2
**recess**  4:12
**record**  3:17,20,22 4:15,25
**related**  7:13
**reporter**  4:3,7,11 6:12
**request**  3:16
**restraining**  4:4 6:8
**retained**  6:12

| s | y |
|---|---|
| **s** 2:2 6:2<br>**scheduled** 4:16<br>**schwartz** 1:15 7:7 7:21<br>**served** 3:11,13 4:18<br>**service** 4:9 6:9<br>**set** 7:18<br>**short** 4:12<br>**show** 3:19<br>**signature** 7:20<br>**ss** 7:4<br>**start** 4:17<br>**state** 1:2,16 7:4,8<br>**statement** 1:13 3:1 4:1 5:1 6:1 7:1<br>**stenographic** 7:11<br>**subpoena** 3:11,12 3:24 4:18,21 6:7<br>**supreme** 1:2<br>**suspend** 4:23 | **york** 1:2,16 2:6 3:5 7:4,8 |
| **t** | |
| **t** 6:2 7:2,2<br>**take** 3:20<br>**taken** 1:14 4:13<br>**time** 1:10 3:21<br>**transcription** 7:11 | |
| **v** | |
| **videoconference** 1:14 | |
| **w** | |
| **way** 7:15<br>**weiss** 2:9<br>**whereof** 7:17<br>**witness** 7:17 | |
| **x** | |
| **x** 1:3,8 6:2 | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

ABRAHAM KLEINMAN,

                Judgment Creditor,

v.

CHAIM PORGES,

                Judgment Debtor.

Index No. 500593/2022

**SUBPOENA TO TAKE DEPOSITION OF HELENA PORGES**

**THE PEOPLE OF THE STATE OF NEW YORK**

TO:    Helena Porges
         184 Lee Ave.
         Brooklyn, NY 11211
         (718) 624-2895

        **WHEREAS,** in the above-captioned action between the parties listed above, a judgment was entered on January 10, 2022, in favor of Abraham Kleinman, Judgment Creditor, and against Chaim Porges, Judgment Debtor, in the amount of $708,750.00, of which $708,750.00 together with interest thereon from January 10, 2022 remains due and unpaid;

        **NOW, THEREFORE, WE COMMAND YOU**, to appear at the Law Offices of Moshe Boroosan, P.C., at 1318 Avenue J, 2nd Floor, Brooklyn, NY 11230, on February 16, 2022 at 10:00 am EST, before a court reporter or other person authorized to administer oaths, and at any recessed or adjourned date, to provide testimony at a deposition. The deposition will continue from time to time until completed.

        This subpoena is issued pursuant to New York Civil Procedure Law & Rules §§ 5223 and 5224(a).

        **TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

**EXHIBIT 1**

| | |
|---|---|
| Brooklyn, New York<br>Dated: January 31, 2022 | **LAW OFFICES OF MOSHE BOROOSAN, P.C.**<br><br>*/s/ Moshe O. Boroosan*<br>MOSHE O. BOROOSAN<br>1318 Avenue J<br>Brooklyn, NY 11230<br>(404) 857-6229<br>moshe@boroosanlaw.com<br><br>*Attorneys for Judgment Creditor Abraham Kleinman* |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

ABRAHAM KLEINMAN,

                Judgment Creditor,

v.

CHAIM PORGES,

                Judgment Debtor.

Index No. 500593/2022

**RESTRAINING NOTICE**

**THE PEOPLE OF THE STATE OF NEW YORK**

TO:    Helena Porges
        184 Lee Ave.
        Brooklyn, NY 11211
        (718) 624-2895

**WHEREAS,** in the above-captioned action between the parties listed above, a judgment was entered on January 10, 2022, in favor of Abraham Kleinman, Judgment Creditor, and against Chaim Porges, Judgment Debtor, in the amount of $708,750.00, of which $708,750.00 together with interest thereon from January 10, 2022 remains due and unpaid;

**TAKE NOTICE** that pursuant to CPLR 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, transfer, or assignment of, or interference with, any property in which you have an interest, except as provided therein.

**CPLR 5222(b)**

"A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in

**EXHIBIT 2**

the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money."

      **TAKE FURTHER NOTICE,** that failure to comply with this restraining notice is punishable as a contempt of court.

Brooklyn, New York  
Dated: January 31, 2022

**LAW OFFICES OF MOSHE BOROOSAN, P.C.**

*/s/ Moshe O. Boroosan*
MOSHE O. BOROOSAN
1318 Avenue J
Brooklyn, NY 11230
(404) 857-6229
moshe@boroosanlaw.com

*Attorneys for Judgment Creditor Abraham Kleinman*

2

**STATE OF NEW YORK COUNTY OF KINGS**
**SUPREME COURT**

| | |
|---|---|
| ABRAHAM KLEINMAN,<br><br>Creditor<br>vs<br>CHAIM PORGES,<br><br>Debtor | Case Number: 500593/2022<br>Date Filed:<br>Client's File No.: 220131<br>Court Date: |

STATE OF NEW YORK, COUNTY OF KINGS, SS.:
Majd Hussein, being sworn says:

## AFFIDAVIT OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **2/1/2022**, at **2:26 PM** at: **184 LEE AVE, Apt 1B Brooklyn, NY 11211** Deponent served the within **SUBPOENA TO TAKE DEPOSITION OF HELENA PORGES, RESTRAINING NOTICE, Witness Fee**

On: **HELENA PORGES**, therein named.

☐ **INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **SUITABLE AGE PERSON**
By delivering thereat a true copy of each to John Doe ( Co-Tennant) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment  [X] dwelling house (usual place of abode) within the state.

☐ **AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment  [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☐ **Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said  aforementioned document as said defendant and knew said individual to be  thereof.

☒ **MAILING**
On 2/2/2022, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [X] Actual Place of Residence [] Actual Place of Business,  and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **DESCRIPTION**
Sex: Male    Color of skin: White    Color of hair: Gray    Glasses: Yes
Age: 65    Height: 5ft 4in - 5ft 8in    Weight: 161-200 Lbs.    Other Features: Black and gray beard.

☐ **MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☒ **WITNESS FEES**
Subpoena Fee Tendered in the amount of $16.43

☒ **OTHER**
Served upon party authorized to accept service. Refused name.

Sworn to before me on 2/2/2022

*(signature)*
Ahmed Elwasli
Notary Public - State of New York
No. 01EL6391019 ; Qualified in Kings County
My Commission Expires April 29, 2023

*(signature)*
Majd Hussein
2090551-DCA

**EXHIBIT 3**