# EXHIBIT 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
ABRAHAM KLEINMAN,

        Plaintiff,

    -against-

CHAIM PORGES,

        Defendant.
-------------------------------------------------------------------X

Index No.: 500593/2022

Civil Action

**AFFIRMATION OF FACTS**

STATE OF NEW YORK    )
                         ) SS:
COUNTY OF NEW YORK  )

      JASON REBHUN, Esq., having duly affirmed, deposes and says under the penalties of perjury:

1.    I am a member of the Bar of the State of New York and am duly authorized to practice law before the Courts of the State of New York.

2.    I make this Affirmation based upon my personal knowledge, except for those things which I state upon information and belief, and as to those things, I believe them to be true. I affirm, rather than swear, due to my religious beliefs.

3.    I represented the Defendant, acting for the purchaser, with respect to successive real estate transactions entered into with Plaintiff, acting for the seller, including the transaction at issue in this case regarding the sale of five New Jersey properties to Bleubell Broad LLC in January 2021 (hereinafter the "New Jersey Transaction").

4.    I have reviewed the Confession of Judgment and Note filed in the instant action at NYSCEF Document Numbers One and Three, respectively, which purport to recognize a debt of $675,000 allegedly owed by Defendant to Plaintiff.

5. Though I am told that Plaintiff's counsel's affirmation in support of the instant Order to Show Cause claims that the aforementioned documents were executed and delivered as financing for the "remainder of the purchase price" of the New Jersey Transaction; NYSCEF Doc. No. 9, ¶ 4; I do not believe this is correct. There was no remainder of the purchase price, which was fully paid at closing.

6. I had never seen the Note and Confession of Judgment prior to Plaintiff's efforts to enforce them.

7. Plaintiff was represented in the New Jersey Transaction by Mark J. Nussbaum & Associates PLLC, with whom I was in regular contact in the days leading up to the closing. I was never provided, by that law firm or by anybody else, with a draft of the Note or the Confession of Judgment or otherwise made aware that the Note or the Confession of Judgment were being contemplated.

8. In the days leading up to the closing on the New Jersey Transaction, I was copied on a great deal of correspondence between myself, the attorneys mentioned above, and the title company as everyone worked to get to a closing. None of that correspondence referenced a Note, a Confession of Judgment, or even a debt for the alleged "remainder of the purchase price."

9. Prior to the efforts by Plaintiff to enforce them, I was not made aware that Defendant had executed the Note or Confession of Judgment.

10. I was also never made aware prior to those enforcement efforts that Plaintiff would be seeking the funds represented in the Note and Confession of Judgment.

11. The sum represented by the Note and Confession of Judgment do not appear in any of the closing documents of the New Jersey Transaction, including the various settlement statements, the contracts and amendments, and the mortgage documents.

12. Plaintiff's representation that such funds were required as part of the purchase price is false.

13. Upon information and belief, Plaintiff specifically had the Note and Confession of Judgment executed outside of the context of the closing of the New Jersey Transaction, and did not provide them to me, the lenders, or the title company to review, because he knew he was not entitled to those funds.

14. I never would have consented to Defendant's execution of the Note and Confession of Judgment.

15. In fact, an opportunity very shortly thereafter came for me to object to having Defendant sign a Note and Confession of Judgment, and I did at that time object. Specifically, I represented Defendant, acting for purchaser, in another real estate transaction with Plaintiff, acting for seller, regarding properties in Illinois in March 2021 (hereinafter the "Illinois Transaction").

16. As the Illinois Transaction was proceeding towards closing, I was made aware that Plaintiff had summoned Defendant to Plaintiff's counsel's office at night, at which time Defendant was pressured and duped based on apparently falsified rent rolls into signing a note and confession of judgment outside of my presence and without my counsel.

17. When I was made aware of this, I immediately contacted Plaintiff's counsel, informed him that this behavior was grossly improper and that the documents were totally unauthorized as they had not been furnished to or reviewed by me in my role as Defendant's counsel. I only agreed to drop the matter once Plaintiff's counsel, after some cajoling, agreed to void those documents.

18. In the meantime, Defendant, with my assistance, furnished Plaintiff's counsel with a notice expressly disclaiming and revoking those documents in light of the way they were procured and Plaintiff's false rent rolls.

19. Had I been made aware of Plaintiff's despicable conduct in the context of the New Jersey Transaction as I was in the Illinois transaction, I would undoubtedly have done the same. I would have insisted that the documents be voided and that the parties and counsel discuss openly any issues. Most importantly, I would have had the opportunity to advise my client regarding the entire transaction, and it appears Plaintiff acted intentionally in order to deprive me of that opportunity.

20. Defendant's first language is Yiddish. His English skills are not great. Though I can usually communicate with Defendant, Defendant does not typically easily understand legal concepts and has to have them explained to him. Defendant relied upon me for an explanation of all legal documents in connection with these real estate dealings.

21. As a matter of both law and equity, this Court should not allow the fraudulently obtained Note and Confession of Judgment from the New Jersey Transaction to be enforced.

**WHEREFORE**, I respectfully request that the Court deny Plaintiff's application in its entirety, together with such other and further relief as this Honorable Court deems just and proper.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

_____
Jason Rebhun

STATE OF NEW YORK          )
                           ) SS:
COUNTY OF NEW YORK   )

On the 1st day of April, 2022, before me, the undersigned, personally appeared Jason Rebhun, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned.

_____
Notary Public